UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JASON C. SHEPPARD, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 19-084-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Jason C. Sheppard is presently confined at the Federal Medical Center ("FMC") – Lexington located in Lexington, Kentucky. Proceeding without an attorney, Sheppard has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the calculation of his sentence. [Record No. 1] The matter is pending for initial screening as required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

Sheppard is currently serving a total term of imprisonment of 40 months with three years of supervised release for a mail fraud conviction in violation of 18 U.S.C. §§ 1343 and 1341 and a violation of the conditions of his supervised release. *United States v. Sheppard*, No. 1:10-CR-119-CB-1 (W.D. Pa.); *United States v. Sheppard*, 2:13-CR-278-CB-1 (W.D. Pa.). He is currently projected to be released from the custody of the federal Bureau of Prisons

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

("BOP") on September 12, 2019.  *See* https://www.bop.gov/inmateloc/ (last visited on March 6, 2019).

Sheppard argues that, in light provisions of the First Step Act of 2018, the BOP should immediately recalculate his sentence to allow him to take advantage of amendments affecting the manner in which good conduct time credits are calculated.  The First Step Act, enacted on December 21, 2018, amended 18 U.S.C. § 3624(b)(1) to change the manner in which credits are calculated by increasing the maximum allowable good conduct time from 47 to 54 days per year.  Sheppard states that he needs his time credit adjustment before the BOP's planned classification process begins in July 2019 or he will not receive the benefit of the amendment.  [Record No. 1 at p. 2]  According to Sheppard, the changes made by the First Step Act would result in a credit to him of 58 days of good conduct time.  Because his projected release date is currently September 12, 2019, crediting him with that time effective immediately would result in a projected release date of approximately July 15, 2019.  However, if the BOP's classification process has not been completed by that date, he states that he will not receive the benefit of the First Step Act.  [*Id*.]  Sheppard seeks as relief an order directing the BOP to immediately recalculate his time in accordance with the amendments of the First Step Act.

Sheppard also states that he has been denied placement in a Residential Reentry Center ("RRC") due to a "management decision" by his Unit Team.  [*Id*. at p. 2]  Thus, as alternate relief, he requests that the Court direct the BOP to provide him with RRC placement time.  [*Id*. at p. 6-8]

Sheppard's petition will be denied.  First, he admits that he has not taken steps to formally exhaust his administrative remedies available within the BOP.  [*Id*. at p. 3]  And

before a prisoner may seek habeas relief under Section 2241, he must first exhaust his administrative remedies within the BOP. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). The exhaustion requirement ensures that the agency has an opportunity to review and revise its actions before litigation is commenced. This preserves judicial resources as well as administrative autonomy and also ensures that a court reviewing the agency's final action does so based upon a developed and complete evidentiary record. *Noriega-Lopez v. Ashcroft*, 335 F. 3d 874, 881 (9th Cir. 2003); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir. 1996).

Sheppard indicates that he has attempted to pursue the administrative remedy process, but his Unit Team has refused to provide him with the appropriate Administrate Remedy documents. [Record No. 1 at p. 3] According to Sheppard, his Unit Team has explained that the credit will be applied automatically once the Designation Sentence Computation Center ("DSCC") in Grand Prairie, Texas begins classification and he may not appeal until he receives credit or it is not applied. Thus, Sheppard concedes that it is entirely possible that the BOP will award him with the credit that he seeks, it just may not do so within the time frame that he desires. Even so, this case underscores one of the primary purposes of the exhaustion requirement: that is, it provides prison officials notice of the problem so that they have the first opportunity to resolve issues without resort to litigation. Because Sheppard concedes that he did not pursue, much less exhaust, his administrative remedies prior to filing his petition, dismissal of his petition is warranted.

Even if this were not so, Sheppard's claim would be dismissed as without merit. Sheppard is correct that Section 102(b)(1) of the First Step Act of 2018, Public Law 115-391, amended 18 U.S.C. § 3624(b) to permit federal inmates to earn 54 days of good conduct time for each year of the sentence imposed, effectively abrogating *Barber v. Thomas*, 560 U.S. 474 (2010). But, as Sheppard concedes, this provision has not yet taken effect. Section 102(b)(2) of the Act provides that the amendments made in subsection 102(b) take effect only when the Attorney General completes the "risk and needs assessment system" required by Section 101(a). And Section 101(a) does not require completion of the system until 210 days after the Act's enactment. Thus, Section 102(b)(1) will not take effect until approximately July 2019. Although Sheppard may be frustrated with this process in light of his projected release date, the classification system that Sheppard describes as being implemented by the BOP is in compliance with statutory requirements.

Likewise, Sheppard is not entitled to immediate placement in an RRC. The First Step Act does not mandate that the BOP place prisoners in a halfway house or an RRC for any period of time. Under the current version of 18 U.S.C. § 3624(c), as amended by the Second Chance Act of 2007, the BOP is authorized to *consider* placing an inmate in a community correctional facility for up to twelve months. However, a prisoner is not automatically entitled or guaranteed such placement for any minimum period. 18 U.S.C. § 3624(c). *See also Heard v. Quintana*, 184 F.Supp. 3d 515, 520 (E.D. Ky. 2016). *See also Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *Boals v. Quintana*, No. 5:15-cv-335-JMH, 2015 WL 8665404, at *2 (E.D. Ky. Dec. 11, 2015). Instead, "the decision to place an inmate in pre-release community confinement and/or home confinement is discretionary and will be 'determined on an

individual basis' according to the factors in 18 U.S.C. § 3621(b)." *Boals*, 2015 WL 8665404 at *2 (citing *McIntosh v. Hickey*, No. 10-cv-126-JMH, 2010 WL 1959308, at *3 (E.D. Ky. May 17, 2010)). The First Step Act does not alter this rule.

It is also noteworthy that the BOP's placement decisions, including determinations regarding halfway house and home confinement placement, are expressly insulated from judicial review, as the provisions of the Administrative Procedures Act ("APA") do not apply to such decisions. 28 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."). Cf. *Woodard v. Quintana*, No. 5:15-cv-307-KKC, 2015 WL 7185478, at *5-6 (E.D. Ky. Nov. 13, 2015).

For all of these reasons, Sheppard fails to establish a right to habeas relief. Accordingly, it is hereby

**ORDERED** as follows:

1. Petitioner Jeffery Sheppard's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** with prejudice and **STRICKEN** from the Court's docket.

Dated: March 8, 2019.



Signed By:
*Danny C. Reeves*
United States District Judge